UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GARRY HARLING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO.:  1:20-cv-1937 |
| | ) |
| CITY OF WESTFIELD - WESTFIELD FIRE DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.  NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Garry Harling ("Harling"), by counsel, against Defendant, City of Westfield – Westfield Fire Department ("Defendant"), alleging a violation of the Age Discrimination in Employment Act of 1967 (ADEA), as amended 29 U.S.C. §621 *et. seq.*

**II. PARTIES**

2. Harling is a resident of the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant maintains offices and routinely conducts business within the geographical boundaries of the Southern District of Indiana.

## III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C.§1343; and 29 U.S.C. §626(c).

5. Defendant is an "employer" as that term is defined by 29 U.S.C. §630(b).

6. Harling was an "employee" as that term is defined by 29 U.S.C. §630(f).

7. Harling satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on age. Harling received his Notice of Suit Rights and timely files this action.

8. A substantial part of the events, transactions and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; thus, venue is proper in this court.

## IV. FACTUAL ALLEGATIONS

9. Harling was born in 1962.

10. Harling was hired in or around January 2007 as Fire Marshal.

11. Since 2016, Plaintiff reported to Deputy Chief Rob Gaylor. Throughout his employment, Gaylor repeatedly asked Plaintiff when he was going to retire. Plaintiff noted that he had no immediate plans to retire and asked Gaylor to stop inquiring

12. At all relevant times, Harling met or exceeded Defendant's legitimate performance expectations.

13. Nevertheless, Defendant called Plaintiff into a meeting on or about December 5, 2019, wherein it informed him that his employment was being terminated. Defendant did not provide any reason for the termination, but instead suggested that it would accept his resignation, if he agreed not to initiate or participate in any civil action against the Westfield Fire Department, City of Westfield – including any application for unemployment benefits. Such a request is unlawful.

14. Furthermore, Defendant violated the Older Worker Benefit Protection Act by failing to provide Plaintiff 21 days to consider the agreement, 7 days to revoke it or even suggest that he have an attorney review the unlawful agreement. Instead, when Plaintiff questioned the agreement, Defendant threatened Plaintiff that if he did not sign it, it will draft a termination letter and post it "for all the world to see" and give him a negative reference. Plaintiff refused to sign the agreement.

15. His employment was terminated effective December 6, 2019. At the time of his termination, Plaintiff was age fifty-seven and, after nearly twenty-three years as a Firefighter, only two to three years from vesting in the retirement plan.

16. Plaintiff was replaced by a significantly younger individual.

17. Defendant discriminated against Plaintiff based on his age in violation of the Age Discrimination in Employment Act. Plaintiff has been damaged by Defendant's actions.

## V. CAUSES OF ACTION

18. Harling herby incorporates paragraphs one (1) through seventeen (17) of his Complaint.

19. Harling's employment was terminated because of his age.

20. Defendant willfully and intentionally discriminated against Harling on the basis of his age in violation of the ADEA.

21. Harling has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Garry Harling, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her age;

2. Reinstate Plaintiff to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

3. Order that the Plaintiff be awarded any back pay he would have earned, including fringe benefits with related money benefits and interests thereon, absent Defendant's unlawful acts;

4. Award the Plaintiff consequential damages in an amount sufficient to compensate Plaintiff for the damages caused by the Defendant's wrongful actions;

5. Award the Plaintiff liquidated damages for Defendant's violations of the ADEA;

6. Award the Plaintiff his attorney fees, litigation expenses, and costs incurred as a result of this action;

7. Award the Plaintiff pre-and post-judgment interest on all sums recoverable; and

8. Grant such other relief as may be just and proper.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Andrew Dutkanych III*
Andrew Dutkanych III
144 N Delaware Street
Indianapolis, Indiana 46204
Telephone:   (317) 991-4765
Facsimile:    (812) 424-1005
Email:          ad@bdlegal.com
*Counsel for Plaintiff, Garry Harling*

## DEMAND FOR JURY TRIAL

Plaintiff, Garry Harling, by counsel, request a trial by jury on all issues deemed so triable.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Andrew Dutkanych III*
Andrew Dutkanych III
144 N Delaware Street
Indianapolis, Indiana 46204
Telephone:   (317) 991-4765
Facsimile:    (812) 424-1005
Email:          ad@bdlegal.com
*Counsel for Plaintiff, Garry Harling*